**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE        )
                            )
                            )    I.D. No. 1805013709

    v.                         )
                            )

WARREN SELBY,         )
                            )

      Defendant.         )

Submitted: January 13, 2025
Decided: April 11, 2025

**ORDER**

***On Defendant's Motion for Post Conviction Relief* – DENIED**

On this 11th day of April, 2025, having considered Defendant's motion for postconviction relief,[1] counsel's Affidavit in response,[2] the State's Response in Opposition,[3] the entire record in the case, and not having received any Reply from Selby, it appears to the Court that:

1.      On July 2, 2018, Selby was indicted on charges of Assault Second Degree, Possession of a Firearm During the Commission of a Felony (hereinafter "PFDCF"), Conspiracy Second Degree, Carrying a Concealed Deadly Weapon,

---

[1] Superior Court Criminal Docket, ID No. 1805013709, Docket Item ("D.I.") 39.
[2] D.I. 43.
[3] 46.

Possession or Control of a Firearm by a Person Prohibited, Robbery First Degree, and an accompanying PFDCF.[4]

2.      On November 26, 2018, after negotiations that continued during the plea hearing, Selby pled guilty to Assault Second Degree, PFDCF, Conspiracy Second Degree, and a lesser-included charge of Robbery Second Degree.[5]

3.      On June 28, 2019, Selby was sentenced as follows:  for the Assault Second Degree, eight (8) years at Level V, suspended after two (2) years, for 2.5 years at Level IV, suspended after six (6) months for two (2) year at Level III probation; for the PFDCF, Five (5) years at Level V, minimum mandatory time with no probation to follow; for Robbery Second Degree, one (1) year at Level V with no probation to follow; and for Conspiracy Second Degree, to six (6) months Level V with no probation to follow.[6]   Selby never filed a direct appeal of his convictions.

4.      On December 19, 2019, Selby filed his first of seven *pro se* motions for modification of his sentence under Superior Court Criminal Rule 35 (hereinafter "Rule 35") requesting the Court suspend his Level V sentence upon completion of

---

[4] D.I. 2.
[5] D.I. 17.
[6] D.I. 21.

the Key program.[7]  Selby also requested his Level V time run concurrent instead of consecutive.[8]   This motion was denied on March 16, 2020.[9]

5.      One month later Selby filed his second Rule 35 motion, again seeking a concurrent rather than consecutive sentence.[10]  That motion was denied on August 11, 2020.[11]

6.      His third Rule 35 motion was filed on February 20, 2021.[12]  This motion was denied on May 11, 2021.[13]

7.      On October 21, 2021, Selby filed his fourth motion for sentence modification.[14]   This motion was denied on November 4, 2021.  In denying the motion, the Court found the motion untimely, repetitive, and lacked the requisite requirement of extraordinary circumstances to justify modification.[15]

8.      On February 10, 2021, Selby filed his fifth Rule 35 motion.[16]   On May 11, 2021, it was summarily denied.   In its ruling, the Court admonished Selby for his repetitive, meritless filings.[17]

---

[7] D.I. 22.  All of Selby's subsequent R35 Motions were filed *pro se.*
[8] *Id.*
[9] D.I. 23.
[10] D.I. 24.
[11] D.I. 25.
[12] D.I. 26.
[13] D.I. 27.
[14] D.I. 28.
[15] D.I. 29.
[16] D.I. 26.
[17] D.I. 27

9. Selby's sixth Rule 35 motion was filed on December 16, 2021. In this motion, he moved for Correction of an Illegal Sentence under Criminal Rule 35 (a), as opposed to modification, under Rule 35(b).[18] That motion was also denied as unfounded.[19]

10. On August 26, 2022, the Court granted a motion to correct a clerical error[20] on Selby's Sentencing Order. This correction concerned Selby's hold level while awaiting Global Positioning Monitoring ("GPS") while at Level III.[21] No other substantive changes were made to Selby's sentence.

11. In September of 2022, Selby filed his seventh Rule 35 motion.[22] This was denied on October 14, 2022.[23] One more Rule 35, his seventh, was filed on April 17, 2023. Once again, Selby failed to present any issues that warranted review of his untimely and repetitive motion, thus his seventh motion was denied on June 28, 2023.[24] The Court, once again, admonished Selby for filing repetitive motions.[25]

12. On July 17, 2024, Selby filed the instant *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61 (hereinafter "Rule 61

---

[18] D.I. 30.
[19] D.I. 31.
[20] D.I. 32
[21] D.I. 33.
[22] D.I. 35.
[23] D.I. 36.
[24] D.I. 38.
[25] *Id.*

Motion").[26]   This is Selby's first motion for postconviction relief.  Counsel filed an Affidavit in response to Selby's allegations on August 20, 2024, in accordance with the Court's direction.[27]  The Court then issued an Order Establishing Deadlines in response to Selby's motion.[28]  Pursuant to that Order, the State filed its Response on December 2, 2024.  Selby was given the opportunity to file a Reply to the State by January 13, 2025; He has not filed a Reply to date.

13.  Selby's Rule 61 motion sets forth three grounds for relief.  Ground One alleges his counsel was ineffective for failing to fully discuss the "TIS Plea."[29]  Selby alleges: "they helped to coerce me into the Plea [sic] in a Rushed [sic] manner and I Never [sic] saw Any [sic] Evidence [sic] against me."  Selby's Ground Two claims he was charged with possession of a firearm without evidence.  In support Selby argues: "[t]hey Pressured [sic] me of [sic] the circumstantial Evidence [sic] Without [sic] True Physical Evidence of a Firearm."  Selby's Ground Three alleges an "Inability to confront Witnesses."  He elaborates that: "Witnesses that the State planned to use against me were not credible due to their involvement in the incident, one actually stabbed the Movant."

---

[26] DI 39.
[27] D.I. 42, 43.
[28] D.I. 44.
[29] D.I. 39.  The Court assumes Selby is referencing the Truth In Sentencing Paperwork, commonly referred to as "TIS."

14.    Superior Court Criminal Rule 61 governs motions for postconviction relief.  Before addressing the merits of a postconviction motion, the Court must examine whether any of the Rule 61 procedural bars apply.[30]  An applicable procedural bar precludes a reviewing court from addressing the merits of a Rule 61 claim, to "protect the procedural integrity" of the Court Rules.[31]

15.    Under Rule 61(i)(1), motions filed after one year from the date a conviction is deemed final is untimely and must be summarily dismissed unless the movant "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final."[32]  Should a movant make such an allegation, a postconviction motion can be filed no later than "one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[33]  A defendant's conviction is final thirty days after this Court imposes its sentence, or when the Delaware Supreme Court issues a mandate or order where the conviction was directly appealed.[34]

16.    Selby's sentence was imposed on June 28, 2019.[35]  Selby did not file a direct appeal, therefore his conviction became final at the expiration of his thirty day

---

[30] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[31] *State v. Page*, 2009 WL 1141738, at *13 (Del. Super.).
[32] Super. Ct. Crim. R. 61(i)(1).
[33] *Id.*
[34] *Id.* at (1)-(2).
[35] D.I. 20, 21.

appeal window in July of 2019. Therefore, Selby's one-year window for filing a postconviction relief under Rule 61 ran in July of 2020; his motion is untimely.

17. None of Selby's grounds for relief allege a newly recognized right, retroactively applied. Therefore, his motion is summarily denied. Selby's motion is procedurally barred not only by Rule 61(i)(1), but Grounds Two and Three are barred by Rule 61(i)(3), as Selby failed to file a direct appeal.

18. Because of the applicable procedural bar, no further analysis is required, however the Court would be remiss if it did not recognize that Selby's motion is also without merit.

19. Selby alleges counsel was ineffective for failing to explain the terms of the sentence and his "TIS" paperwork. Not only is this fact denied by counsel in his Affidavit,[36] but Selby's own words bely his claim. At his plea hearing, Selby engaged in a thorough plea colloquy. At that time, upon questioning by the Court regarding his understanding of his decision, the following exchange occurred:

COURT: I am told that you are not going to have a trial on December 11th. Is that accurate?

SELBY: Yes.

COURT: And why not? Are you going to accept a plea?

SELBY: Yes.

---

[36] D.I. 43.

COURT:    That is your decision, Mr. Selby?

SELBY:    Yes.

…

[Following the reading of the plea into the record]

COURT:    And is this an acceptable resolution to you?

SELBY:    Yes.

COURT:    Sir, you are entitled to have a trial.  At a trial you would be presumed innocent, and you would have the opportunity to challenge the State's evidence and to confront the witnesses who testify against you.   It is possible you would be found not guilty.   It is also possible that you would be found guilty, sir, including additional charges that carry minimum mandatory time that are being dismissed by the State.   Do you understand that?

SELBY:    Yes.

…

COURT:    Did you sign the plea agreement form after reading it very carefully?

SELBY:    Yes.

COURT:    Did you review it carefully with [counsel]?

SELBY:    Yes.

COURT:    Do you understand that once you accept this plea the Court will be required to sentence you to five years minimum mandatory?

SELBY:    Yes.[37]

20.    In addition to the procedural bars of Rule 61(i)(1), Rule 61(i)(3) states that any ground for relief "not asserted in the proceedings leading to the judgment of conviction" is procedurally barred unless the movant can show "cause for relief from the procedural default" and "prejudice from [the] violation of the movant's rights."[38] In his motion, Selby acknowledges that he has failed to raise these grounds in any prior proceedings and states he "did not fully understand the terms of the TIS which was presented to him immediately prior to the scheduled trial."[39]

21.    Selby's Grounds Two and Three are barred by Rule 61(i)(3), as he did not file a direct appeal, he therefore did not assert this claim in any proceeding leading to the final judgment of conviction.[40] Nor has he shown cause for relief, or that any violation of his rights occurred. Selby now claims he failed to understand the terms of his plea and the Truth In Sentencing ("TIS") paperwork. Once again, his own words at the plea colloquy show this not to be the case.[41] Even so, Selby pled. Therefore, he waived his right to challenge any evidentiary trial issues, which he asserts in Grounds Two and Three.[42]

---

[37] D.I. 20, Transcript pp. 4-5, 16-18.
[38] Rule 61(i)(3), *See also State v. Reed*, 2024 WL 2746694, *1 (Del. Super. May, 23, 2023).
[39] D.I. 29.
[40] *State v. Garner*, 2005 WL 2155223, *1 (Del. Super. Aug. 25, 2005).
[41] D.I. 20.
[42] *Cooper v. State*, 901 A.2d 119 (Del. 2006).

22. "Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief."[43] It plainly appears from Selby's motion, after reviewing the entirety of the record of prior proceedings in this case, that he is not entitled to relief.

23. Selby's motion is summarily denied.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:     Warren Selby, *pro se*, SBI 00510201
        William Leonard, Esquire, Department of Justice

        Original to Prothonotary

---

[43] *Reed*, 2024 WL 2746694 at *2, citing Sup. Ct. Crim. R. 61(d)(5).